UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:



FILED BY_____D.C.

MAR 21 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

ILYA ORLOV,

   Plaintiff,

vs.

MIAMI DADE COUNTY
PARKS RECREATION AND
OPEN SPACES DEPARTMENT

   Defendants.
_____/

Judge:

COMPLAINT

Jury Trial Demanded

## COMPLAINT FOR BREACH OF CONTRACT AND FRAUD

Plaintiff, Ilya Orlov ("Orlov"), in pro per, sue the Defendant, Miami Dade County Parks Recreation and Open Spaces Department ("Defendant" or "PROS") and makes the following allegations:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Orlov is an individual whose principal place of business is 5400 Astor Lane, Rolling Meadows, IL 60008.

2. Defendant Miami Dade County Parks Recreation and Open Spaces Department is a department of Miami Dade County organized under the laws of the state of Florida.

3. Defendant has a principal address 275 NW 2nd Street, Miami, Florida 33128.

4. Defendant has entered contract with Plaintiff and conducted subsequent transactions at Haulover Park Marina located at 10800 Collins Avenue, Miami Beach, Florida 33154.

5. Defendant may receive service of process in this case by personal service upon the department and its director Maria I. Nardi at the principal address above.

6. There is complete diversity of citizenship between the Plaintiff and the Defendant in this case. The amount in dispute in this action, exclusive of fees, interest, and costs, exceeds the sum of $75,000.00. Therefore, the court has jurisdiction over this dispute under 28 U.S.C. §1332.

7. Venue in this district is proper under 28 U.S.C. §1391 because the substantial part of the events giving rise to the claims occurred in Miami-Dade County.

**FACTS**

8. Plaintiff is the owner of the Gulfcraft 53-foot private yacht with living quarters hull ID XVA5320211900 bearing a name Tiger Cat. Registration number DL8965AC, hereafter The Boat

9. On or around May 1, 2010, Plaintiff entered into renewable yearly contract with Defendant for berthing the The Boat at Haulover Marina slip C-1. **(See Exhibit "A")**

10. Due to long term commitment of the agreement Plaintiff berthing was set at $895.11 per month. Which he promptly paid and provided a security deposit in accordance with the contract.

11. Since May 1, 2010, for over 11 years 9 months and 20 days, Plaintiff maintained the berthing slip and complied with all of the provisions of the contract.

12. For 11 years and 9 months, Plaintiff made payments in the amount stated in the contract and agreed to all incremental increases in the monthly payment.

13. For 11 years and 9 months, Plaintiff had no notices, warnings, of any kind, or complaints levied against his presence at the marina.

14. On or around February 20th, 2022, marina staff has started to harass Plaintiff with false allegations of private charter operations. When questioned by Plaintiff about the false

allegations marina representative "Sharon" told Plaintiff that she has someone who is willing to pay four(4) times the berthing fee for the premium spot where Plaintiff is parked.

15. "Sharon" also told Plaintiff that his faith is sealed and that regardless of if he chartered or not they are going to get rid of the Plaintiff so that they can make more money.

16. "Sharon" did not offer any proof of any illegal activity or breach of the agreement.

17. On that same date February 20, 2022 "Sharon" verbally informed Plaintiff that his contract is being terminated and he has until the end of the month to leave the Marina.

18. Neither Defendant nor "Sharon" representative of Defendant has complied or issued any notices to Plaintiff that formally explained why his contract is being terminated.

19. Upon information and believe, Plaintiff has gathered information that the waiting list for the berth in marina is 3 years long, and that people who have recently moved into marina speak about having to bribe marina staff to move up on the list.

20. Plaintiff has hired private investigator and will provide further facts on the wait list situation, however it explains the following set of facts and circumstances.

21. After the above threat of eviction from berthing spot, on March 1, 2022, Plaintiff and his friend visited marina office to resolve the matter and keep the vessel berthed at marina.

22. Plaintiffs requested to review the records and contracts related to the Plaintiffs birthing and discovered that marina office has knowingly and without notice to Plaintiff have altered the contract to take advantage of Plaintiffs rights;

    a. Defendants, without notice to Plaintiff and without obtaining his consent converted the yearly contract into monthly contract.

    b. Defendants without notice or consent were signing each monthly contract themselves.

    c. Defendants concealed the change by still charging Plaintiff the nominal yearly contract fee but disguised the fact that instead of the yearly renewals they were fraudulently signing monthly contracts.

    d. Defendants were unable to produce any notice or consent from Plaintiff that converted his yearly agreement to monthly agreement.

    e. Defendants never return the deposit placed with them in 2010 as an indication that the contract is terminated.

23. The above events took place from approximately December 2016, **(See Exhibit "B")**, where without obtaining signature or giving notice Defendants altered the contract.

24. Then Defendants continued to fraudulently vary the terms without informing Plaintiff in 2018 making it a 3-month term **(See Exhibit "C").**

25. When confronted by Plaintiff about the above facts, marina representative "Justin" under the threat of eviction forced Plaintiff to sign the contract to extend the berth by one month to March 31, 2022.

26. To prevent the eviction defendant complied reluctantly but after review of the contract copies and learning about the bribery and reselling of the slips to the highest bidder decided to file this lawsuit.

27. Defendants' eviction of the paying Plaintiff is a brazen attempt to enrich themselves with higher berthing fees while evicting almost 12-year patron of the marina without cause or notice and after Defendants fraudulently altered the contract.

28. Defendants seeks emergency relief to prevent the eviction until this matter is adjudicated and is willing to post a bond pending the litigation of this matter.

## COUNT I – BREACH OF CONTRACT

29. Plaintiff realleges all the allegations contained in paragraphs 1 through 26, inclusive, as if fully set forth herein.

30. At all times material hereto, the Defendants and their agents acted jointly and in concert, on behalf of each other, acting as the department PROCS or on its behalf.

31. Defendant executed and counter signed the contract in May 15, 2010

32. Plaintiff signed the agreement. **(See Exhibit "A").**

33. Pursuant to the terms Exhibit A, Defendant agreed to a yearly contract at the rate stated on the contract.

34. Pursuant to the terms of Exhibit A, Defendants must return deposit if the contract is not renewed.

35. Defendants continued to receive payments on the contract for 11 years and 9 months.

36. Plaintiff promptly paid and complied with all terms of the contract.

37. Defendant have fraudulently altered the contract. **(See Exhibit "B").**

38. Defendants have fraudulently signed contracts on behalf of the Plaintiff.

39. Defendants fraudulently concealed the fact that Defendants altered the contract from yearly renewals to monthly.

40. Defendants have made false allegations against Plaintiff to justify their fraudulent actions.

41. If Plaintiff was given proper notice or was made aware by Defendants that for many years, they have fraudulently signed monthly renewals without Plaintiffs permission, he would

have found an alternative berth since 2016 at the same rate of approximately $1200, however, now on short notice, Plaintiff is forced to seek berthing at the rate of $4500 per month.

42. Consequently, Defendants actions will now cost plaintiff $42,000 per year and considering that Plaintiff had no intention to sell the Boat for next three years or more the damages exceed $126,000.

**WHEREFORE**, Plaintiff Orlov demands judgment in breach of contract and reinstatement of his yearly contract or in alternative judgement for damages against Defendant together with pre-judgment interest and post-judgment interest, its attorney's fees and costs (if defendant is required to or may need assistance of an attorney), and other and further relief as the Court may deem just and proper. Plaintiff reserves the right to amend this Complaint to include all additional damages as the litigation progresses.

## COUNT I–FRAUD IN INDUCEMENT

43. Plaintiff realleges all the allegations contained in paragraphs 1 through 42, inclusive, as if fully set forth herein.

44. At all times material hereto, the Defendant and their agents acted jointly and in concert, on behalf of each other, acting as the department PROCS or on its behalf.

45. Defendants entered in to a renewable yearly contract for marina birth with Plaintiff in May of 2010.

46. Plaintiff was induced to sign a yearly renewable contract in exchange for a lower monthly rate. It was understanding of the Plaintiff that the contract is renewable and that only tax and electricity portion of the charges will change over the years. Plaintiff operated under this assumption without any notice of otherwise from Defendants for 12 years of tenancy.

47. Beginning in 2016, Defendants without notice to Plaintiff as required by 2010 agreement fabricated a new monthly agreement in order to be able to evict Plaintiff on short notice. (see Exhibit D)

48. Since that date Defendants have executed dozens of monthly agreements by fraudulently signing them and without letting Plaintiff know that he is no longer on a yearly agreement.

49. By doing so Defendants fraudulently altered the term of the agreement to suit their needs and without notice or agreement from Plaintiff.

50. Fraudulent actions of Defendants allowed them to accept bribe in order to offer the same berth to another new tenant in lieu of them waiting on 3 year waiting list.

51. Defendants knowingly and intentionally implemented the policy of signing monthly leases without notice to tenants of the marina and have profited from their fraudulent actions.

52. As a result of the fraudulent actions of Defendant Plaintiff was hadmed and is in imminent danger to be further harmed by the actions of the Defendant.

**WHEREFORE**, Plaintiff Orlov demands judgment against Defendant for Fraud and reinstatement of his yearly contract or in alternative judgement for damages against Defendant together with pre-judgment interest and post-judgment interest, its attorney's fees and costs (if defendant is required to or may need assistance of an attorney), and other and further relief as the Court may deem just and proper. Plaintiff reserves the right to amend this Complaint to include all additional damages as the litigation progresses.

### **RESERVATION OF RIGHT TO AMEND TO ADD PUNITIVE DAMAGES**

Plaintiff reserves the right to amend this Complaint to add a claim in punitive damages.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted this 21st day of March 2022,

BY: _____
ILYA ORLOV, PRO PER
5400 ASTOR LANE, ROLLING MEADOWS, IL 60008.
786-254-1179